**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00283-RM-MDB

PDB BLANKS AND GLITTER, LLC

      Counterclaim Defendant,

v.

KELLIE DeFRIES, and
CRYSTAL NINJA, LLC,

      Counterclaim Plaintiff,

---

**COUNTERCLAIM DEFENDANT PDB BLANKS AND GLITTER, LLC'S**
**FINAL INVALIDITY CONTENTIONS**

---

Pursuant to D.C.Colo.LPtR 16, Counterclaim Defendant, PDB Blanks and Glitter, LLC ("Defendant") hereby provide its Final Invalidity Contentions for:

A) U.S. Patent No. 10,308,005:
B) U.S. Patent No. 10,967,625;
C) U.S. Patent No. D867,838; and
D) U.S. Patent No. D867,869.

Additionally, pursuant to D.C.Colo.LPtR 9, Defendant provides copies material related to identified prior art at Exhibit A.

On August 22, 2024, Counterclaim Plaintiff Kellie DeFries ("Plaintiff" or "DeFries"), served her Final Infringement Contentions asserting:

A) Claims 1, 2, 5, 7, 8, 9, 10 and 11 of U.S. Patent No. 10,308,005:
B) Claim 1 of U.S. Patent No. 10,967,625;
C) Claim 1 of U.S. Patent No. D867,838; and
D) Claim 1 of U.S. Patent No. D867,869.

The asserted claims are invalid because these claims are anticipated under 35 U.S.C. § 102.

These Final Invalidity Contentions reflect Defendant's current knowledge, thinking, belief, and contentions as of the date of service. Discovery and Defendant's search for prior art are ongoing and are expected to include additional patents and printed publications as well as prior art products, some details of which are in the possession, custody, and control of Plaintiff DeFries and third parties.

The Parties have stipulated that Plaintiff sells a "Crystal Katana" tool through its website, https://www.crystalninja.com that appears on the website as follows:



Defendant identifies this tool as the subject matter of the asserted patents.

# I.    GENERAL STATEMENTS AND OBJECTIONS

## A.  Asserted Claims of U.S. Patent No. 10,675,852

In Plaintiff's Final Infringement Contentions, she identifies U.S. Patent No. 10,675,852 and generally asserts Claims 1-3 but does not provide the required specificity under D.C.Colo.LPtR 6. The entirety of Plaintiff's contention is:

> I.    10,675,852 independent claim 1 and dependent claims 2-3. Defendants will supplement these preliminary infringement contentions to include claims from the '852 Patent to the extent discovery regarding Plaintiff's manufacturing methods reveals that these claims are infringed.

Plaintiff's contention does not meet the requirements of D.C.Colo.LPtR 16. Defendant reserves all rights to amend these Final Invalidity Contentions as authorized

by the Court should Plaintiff later amend her Final Infringement Contentions related to U.S. Patent No. 10,675,852.

**B.  Reliance on March 6, 2015 Priority Date for U.S. Patent No. D867,838**

Defendant is relying on the face of U.S. Patent No. D867,838 for the earliest priority date, March 6, 2015. Plaintiff does not allege any earlier date for conception, reduction to practice, design, or development of the design claimed in U.S. Patent No. D867,838, Plaintiff produced no documents evidencing any such earlier date.

**C.  Reliance on March 6, 2015 Priority Date for U.S. Patent No. D867,839**

Defendant is relying on the face of U.S. Patent No. D867,839 for the earliest priority date, March 6, 2015. Plaintiff does not allege any earlier date for conception, reduction to practice, design, or development of the design claimed in U.S. Patent No. D867,839, Plaintiff produced no documents evidencing any such earlier date.

**D.  Prior Art Identification**

U.S. Patent No. 10,308,005, U.S. Patent No. 10,967,625, U.S. Patent No. D867,838, and U.S. Patent No. D867,869 are invalid as anticipated in view of the following reference. The reference shows all or part of the claimed inventions and/or designs.

| Item Offered for Sale or Publicly Used or Known | Date Offered for Sale or Became Publicly Used or Known | Identity of Person Offering for Sale, Making, or Using |
|---|---|---|
| "Crystal Katana" tool | December 12, 2012 | Crystal Ninja, LLC |

Defendant will further develop the facts as to the date this product listed in above chart was offered for sale or became publicly used or known as discovery progresses.

It should be recognized that a person of ordinary skill in the art would generally read a prior art reference as a whole and in the context of other publications, literature, and general knowledge in the field. To understand and interpret any specific statement

or disclosure in a prior art reference, a person or designer of ordinary skill in the art would rely upon other statements in the reference as well as other information and references and general scientific, engineering, or design knowledge. Defendant therefore reserves the right to reply on other, unidentified portions of the prior at references as well as other information and references and general knowledge to provide background and context for the identified portions. Defendant also reserves the right to rely upon any admissions relating to prior art in the asserted patents' prosecution history.

## II.    FINAL INVALIDITY CONTENTIONS

### A.    U.S. Patent No. 10,308,005

Defendant hereby contends that each and every element of the asserted Claims 1, 2, 5, 7, 8, 9, 10 and 11 of U.S. Patent No. 10,308,005 is anticipated by the "Crystal Katana" tool which qualifies as prior art under 35 U.S.C §102.

U.S. Patent No. 10,308,005 was filed March 6, 2015, as U.S. Application No. 14/641,208. It claims priority to Provisional Application No. 61/694,293, filed on March 7, 2014. *See* U.S. Patent No. 10,308,005.

| U.S. Patent No. 10,308,005 | |
|---|---|
| Asserted Patent Claims | The "Crystal Katana" tool anticipates Claims 1, 2, 5, 7, 8, 9, 10 and 11 under 35 U.S.C. § 102 |
| Claims 1, 2, 5, 7, 8, 9, 10 and 11 | U.S. Trademark Application No. 86218189 and No. 97319412 for the mark "Crystal Katana"[1] (*See* Exhibit A.) Plaintiff asserts and declares in both applications that the stated date of first use in commerce is as early as December 12, 2012. |

| *IDENTIFICATION | Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products |
|---|---|
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/12/2012 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/12/2012 |

---

[1] https://tsdr.uspto.gov/#caseNumber=86218189&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch and
https://tsdr.uspto.gov/#caseNumber=97319412&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch

Below are Plaintiff's trademark specimen submitted in U.S. Trademark Application No. 86218189.

 

Screen capture from YouTube Video
https://youtu.be/9XOn-7_FmHs (December 30, 2012)



Screen capture from YouTube Video
https://youtu.be/9XOn-7_FmHs (December 30, 2012)





Screen capture from YouTube Video
https://youtu.be/k4HxxUTVEwM (January 31, 2013)

A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…" *See* 35 USC 102(a). Plaintiff DeFries is the owner and chief executive officer of Crystal Ninja, LLC. *See* ECF# 14, paragraph 7 and ECF#24, paragraph 7.

Plaintiff asserts and declares in both trademark applications that the stated date of first use in commerce is as early as December 12, 2012. The Specimen submitted as evidence of use in commerce is identical to the current product of Plaintiff. The product is marked with "U.S. Patent 10,308,005." U.S. Patent 10,967,005 carries the critical date of March 17, 2013. Marking a product with a patent number is an admission that the product practices the patent. "The Federal Circuit explained that '[t]he practice of marking a

product with a patent number is a form of extrajudicial admission that the product falls within the patent claims.'" *Neonatal Prod. Grp., Inc. v. Shields*, 312 F. Supp. 3d 1010, 1022 (D. Kan. 2018) (*quoting Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303, 1309 (Fed. Cir. 2013). "Generally, extrajudicial admissions of facts, such as patent marking, are simply evidence that may be countered by the party that made the admission." *Id.*

Plaintiff states in a signed declaration that the mark as shown was to be used in association with "Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products." Such use in commerce, as demonstrated by the submitted specimen, occurred as early as December 12, 2012.

Furthermore, the product demonstrated in the YouTube presentations on December 30, 2012, and January 31, 2013, are identical to Plaintiff's current "Crystal Katana" tool.

By Plaintiff's own sworn assertions, a corroborated by Plaintiff's YouTube presentations, the "Crystal Katana" tool was on sale more than one year before the filing date of U.S. Patent No. 10,308,005.

## B.     U.S. Patent No. 10,967,625

Defendant hereby contends that each and every element of the asserted Claim 1 of U.S. Patent No. 10,967,625 is anticipated by the "Crystal Katana" tool which qualifies as prior art under 35 U.S.C §102.

U.S. Patent No. 10,967,625 was filed April 28, 2020, as U.S. Application No. 16/860,790, as a continuation of U.S. Patent Application No. 16/387,471 filed on April 17, 2019, which is a continuation of U.S. Patent Application No. 14/641,208 filed on March 6, 2014. It claims priority to Provisional Application No. 61/694,293, filed on March 7, 2014. *See* U.S. Patent No. 10,967,625.

| U.S. Patent No. 10,967,625 | |
|---|---|
| Asserted Patent Claims | The "Crystal Katana" tool anticipates Claim 1 under 35 U.S.C. § 102 |
| Claim 1 | U.S. Trademark Application No. 86218189 and No. 97319412 for the mark "Crystal Katana"[2] (*See* Exhibit A.)<br><br>Plaintiff asserts and declares in both applications that the stated date of first use in commerce is as early as December 12, 2012.<br><br><table><tr><td>*IDENTIFICATION</td><td>Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products</td></tr><tr><td>FILING BASIS</td><td>SECTION 1(a)</td></tr><tr><td>FIRST USE ANYWHERE DATE</td><td>At least as early as 12/12/2012</td></tr><tr><td>FIRST USE IN COMMERCE DATE</td><td>At least as early as 12/12/2012</td></tr></table> |

---

[2] https://tsdr.uspto.gov/#caseNumber=86218189&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch and https://tsdr.uspto.gov/#caseNumber=97319412&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch

Below are Plaintiff's trademark specimen submitted in U.S. Trademark Application No. 86218189.

Screen capture from YouTube Video
https://youtu.be/9XOn-7_FmHs (December 30, 2012)

Screen capture from YouTube Video
https://youtu.be/9XOn-7_FmHs (December 30, 2012)





Screen capture from YouTube Video
https://youtu.be/k4HxxUTVEwM (January 31, 2013)

A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…" *See* 35 USC 102(a). Plaintiff DeFries is the owner and chief executive officer of Crystal Ninja, LLC. *See* ECF# 14, paragraph 7 and ECF#24, paragraph 7. Plaintiff asserts and declares in both trademark applications that the stated date of first use in commerce is as early as December 12, 2012.

The Specimen submitted as evidence of use in commerce is identical to the current product of Plaintiff. The product is marked with "U.S. Patent 10,308,005." U.S. Patent 10,967,625 is a continuation of U.S. Patent No. 10,308,005, and carries the same critical

date of March 17, 2013. Marking a product with a patent number is an admission that the product practices the patent. "The Federal Circuit explained that '[t]he practice of marking a product with a patent number is a form of extrajudicial admission that the product falls within the patent claims.'" *Neonatal Prod. Grp., Inc. v. Shields*, 312 F. Supp. 3d 1010, 1022 (D. Kan. 2018) (*quoting Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303, 1309 (Fed. Cir. 2013). "Generally, extrajudicial admissions of facts, such as patent marking, are simply evidence that may be countered by the party that made the admission." *Id.*

Plaintiff states in a signed declaration that the mark as shown was to be used in association with "Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products." Such use in commerce, as demonstrated by the submitted specimen, occurred as early as December 12, 2012.

Furthermore, the product demonstrated in the YouTube presentations on December 30, 2012, and January 31, 2013, are identical to Plaintiff's current "Crystal Katana" tool.

By Plaintiff's own sworn assertions, a corroborated by Plaintiff's YouTube presentations, the "Crystal Katana" tool was on sale more than one year before the filing date of U.S. Patent No. 10,967,625.

## C.     U.S. Patent No. D867,838

Defendant hereby contends that each and every element of the asserted Claim 1 of U.S. Patent No. D867,838 is anticipated by the "Crystal Katana" tool which qualifies as prior art under 35 U.S.C §102.

U.S. Patent No. D867,838 was filed July 25, 2018, as U.S. Application No. 29/657,825, as a continuation of U.S. Patent Application No. 14/641,208 filed on March 6, 2015. *See* U.S. Patent No. D867,838.

| U.S. Patent No. D867,838 | |
|---|---|
| Asserted Patent Claims | The "Crystal Katana" tool anticipates Claim 1 under 35 U.S.C. § 102 |
| Claim 1  *FIG. 1*  *FIG. 2* | U.S. Trademark Application No. 86218189 and No. 97319412 for the mark "Crystal Katana"[3] (*See* Exhibit A.)<br><br>Plaintiff asserts and declares in both applications that the stated date of first use in commerce is as early as December 12, 2012.<br><br> |

3

https://tsdr.uspto.gov/#caseNumber=86218189&caseSearchType=US_APPLICATION&
caseType=DEFAULT&searchType=statusSearch and
https://tsdr.uspto.gov/#caseNumber=97319412&caseSearchType=US_APPLICATION&
caseType=DEFAULT&searchType=statusSearch



FIG. 3

FIG. 4

FIG. 5

FIG. 6

FIG. 7

FIG. 8

Below are Plaintiff's trademark specimen submitted in U.S. Trademark Application No. 86218189.

The "Crystal Katana" tool was offered as pre-orders as early as January 2013, and on the website for sale as early as March 2013.

From the Web Archive website[4] for January 4, 2013 (*See* Exhibit A, p. 15):

---

[4] https://web.archive.org/web/20130104005918/http://crystalninja.com:80/i-11665562-crystal-katana.html

From the Web Archive website[5] for March 12, 2013 (*See* Exhibit A, p. 16):



A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…" *See* 35 USC 102(a). Plaintiff DeFries is the owner and chief executive officer of Crystal Ninja, LLC. *See* ECF# 14, paragraph 7 and ECF#24, paragraph 7. Plaintiff asserts and declares in both trademark applications that the stated date of first use in commerce is as early as December 12, 2012.

"The right of priority provided for by subsections (a) through (d) of section 119 shall be six months in the case of designs. The right of priority provided for by section 119(e) shall not apply to designs…Design applications may not claim the benefit of a

[5] https://web.archive.org/web/20130312035934/http://crystalninja.com/c-637232-crystal-katana.html

provisional application under 35 U.S.C. 119(e)." MPEP 1504.10 Priority Under 35 U.S.C. 119(a)-(d), 386(a) and (b) [R-08.2017] 35 U.S.C. 172 RIGHT OF PRIORITY.

Plaintiff states in a signed declaration that the mark as shown was to be used in association with "Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products." Such use in commerce, as demonstrated by the submitted specimen, occurred as early as December 12, 2012.

Plaintiff placed the "Crystal Katana" tool on sale through the Crystal Ninja website as early as March 12, 2013. The product offered for sale is identical to the claimed design. The critical date for each design patent is March 6, 2014. The ornamental design claimed in U.S. Patent No. D867,838 was on sale more than one year before the filing date of U.S. Patent No. D867,838.

### D. U.S. Patent No. D867,839

Defendant hereby contends that each and every element of the asserted Claim 1 of U.S. Patent No. D867,839 is anticipated by the "Crystal Katana" tool which qualifies as prior art under 35 U.S.C §102.

U.S. Patent No. D867,839 was filed July 25, 2018, as U.S. Application No. 29/657,826, as a continuation of U.S. Patent Application No. 14/641,208 filed on March 6, 2015. *See* U.S. Patent No. D867,839.

<table>
<tr><td colspan="2" align="center">U.S. Patent No. D867,839</td></tr>
<tr><td>Asserted Patent Claims</td><td>The "Crystal Katana" tool anticipates Claim 1 under 35 U.S.C. § 102</td></tr>
<tr><td>Claim 1<br><br><br>FIG. 1<br><br><br>FIG. 2</td><td>U.S. Trademark Application No. 86218189 and No. 97319412 for the mark "Crystal Katana"[6] (*See* Exhibit A.)<br><br>Plaintiff asserts and declares in both applications that the stated date of first use in commerce is as early as December 12, 2012.<br><br><table><tr><td>IDENTIFICATION</td><td>Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products</td></tr><tr><td>FILING BASIS</td><td>SECTION 1(a)</td></tr><tr><td>FIRST USE ANYWHERE DATE</td><td>At least as early as 12/12/2012</td></tr><tr><td>FIRST USE IN COMMERCE DATE</td><td>At least as early as 12/12/2012</td></tr></table></td></tr>
</table>

---

[6] https://tsdr.uspto.gov/#caseNumber=86218189&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch and
https://tsdr.uspto.gov/#caseNumber=97319412&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch



Below are Plaintiff's trademark specimen submitted in U.S. Trademark Application No. 86218189.

The "Crystal Katana" tool was offered as pre-orders as early as January 2013, and on the website for sale as early as March 2013.

From the Web Archive website[7] for January 4, 2013 (*See* Exhibit A, p. 15):

From the Web Archive website[8] for March 12, 2013 (*see* Exhibit A, p. 16):



A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…" *See* 35 USC 102(a). Plaintiff DeFries is the owner and chief executive officer of Crystal Ninja, LLC. *See* ECF# 14, paragraph 7 and ECF#24, paragraph 7. Plaintiff asserts and declares in both trademark applications that the stated date of first use in commerce is as early as December 12, 2012.

"The right of priority provided for by subsections (a) through (d) of section 119 shall be six months in the case of designs. The right of priority provided for by section 119(e) shall not apply to designs…Design applications may not claim the benefit of a

---

[8] https://web.archive.org/web/20130312035934/http://crystalninja.com/c-637232-crystal-katana.html

provisional application under 35 U.S.C. 119(e)." MPEP 1504.10 Priority Under 35 U.S.C. 119(a)-(d), 386(a) and (b) [R-08.2017] 35 U.S.C. 172 RIGHT OF PRIORITY.

Plaintiff states in a signed declaration that the mark as shown was to be used in association with "Hand tools, namely, a device with a wax end which picks up crystals in a certain configuration to apply crystals to products." Such use in commerce, as demonstrated by the submitted specimen, occurred as early as December 12, 2012.

Plaintiff placed the "Crystal Katana" tool on sale through the Crystal Ninja website as early as March 12, 2013. The product offered for sale is identical to the claimed design. The critical date for each design patent is March 6, 2014. The ornamental design claimed in U.S. Patent No. D867,839 was on sale more than one year before the filing date of U.S. Patent No. D867,839.

## III.     GOOD CAUSE FOR IDENTIFYING ADDITIONAL PRIOR ART

Plaintiff's U.S. Trademark Application No. 86218189 for the mark "Crystal Katana" became a registered U.S. trademark on July 28, 2015, with Registration No. 4,780,014. *See* Exhibit A, pp. 7-8. Plaintiff's U.S. Trademark Application No. 97319412 for the mark "Crystal Katana" became a registered U.S. trademark on June 27, 2023, with Registration No. 7,090,417. *See* Exhibit A, pp. 13-14. Plaintiff did not disclose her U.S. Trademark Applications or trademarks during the prosecution of asserted U.S. Patent No. 10,308,005, U.S. Patent No. 10,967,625, U.S. Patent No. D867,838, and U.S. Patent No. D867,869 nor the previously asserted U.S. Patent No. 10,675,852. Prior to serving its initial invalidity contentions, Defendant conducted a prior art search however Plaintiff's trademark applications and trademarks remained undiscovered. Three weeks ago, Defendant discovered Plaintiff's trademark applications and trademarks.

Respectfully submitted,

Dated: September 19, 2024      By: */s/ Christopher L. Limpus*
Michael Martensen, Esq.
Christopher L. Limpus, Esq.
MARTENSEN IP
30 East Kiowa Street, Suite 101
Colorado Springs, CO 80903
Tele: 719-358-2561
E-mail: mike@martensenip.com
E-mail: chris@martensenip.com

*Attorney for Counterclaim Defendant*
*PDB Blanks and Glitter, LLC*


### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record

s/ Christopher L. Limpus